## 34647. MORGAN v. CROUCH.

DECIDED JUNE 19, 1953.

*W. H. Armistead, Cobb & Cobb*, for plaintiff in error.
*Clarence Peeler, Jr.*, contra.

SUTTON, C. J. Thomas H. Crouch sued W. Ector Morgan in DeKalb Superior Court, and alleged substantially: that, on October 28, 1946, these parties entered into a partnership agreement, a copy of which was attached to the petition as Exhibit A and made a part thereof; that pursuant to the terms of said agreement, the plaintiff, Crouch, paid into the partnership $2,000, and said parties, as provided by the contract, attempted to procure certain equipment for the operation of the partnership business, known as the M. L. & T. Seafood Jobbers Company, but they did not acquire title to any such equipment except a two-wheeled metal trailer, which is still in the possession of the defendant, Morgan; that on or about January 1, 1947, said parties agreed to abandon the business known as the M. L. & T. Seafood Jobbers Company and to transfer all funds remaining in the partnership bank account in the First National Bank of Atlanta, DeKalb Branch, to an account known as the M. L. & T. Construction Company account in said bank, and these parties agreed with each other that they would continue their partnership upon the same terms and conditions as embodied in the agreement attached to the petition as Exhibit A, and would engage in the business of constructing houses for sale to third parties, and thereafter said parties, as partners, did construct houses for sale to third parties, the exact number of which is not known to the plaintiff but is known to the defendant; that on or about July 11, 1947, the parties agreed with each other that they would no longer continue as partners in the M. L. & T. Construction Company, and the plaintiff, at that time, turned over, relinquished, and released to the defendant all of the partnership books and records of the said construction company and all of the assets of said partnership business, upon the defendant's agreement to pay to the plaintiff $2,000 for his one-half interest in said partnership business; that the defendant agreed to make immediate payment of said amount to the plaintiff, but that he has failed and refused to do so, although demand has been made upon him for same.

The defendant filed his answer and cross-bill, in which he alleged: that the plaintiff paid into the partnership $2,000, and the defendant had already expended $6,000 for an oven and building; that the M. L. & T. Seafood Jobbers Company was

operating as a going concern at that time, and the $2,000 paid in by the plaintiff was for the purpose of purchasing a one-half interest in the good will of the company and to share in the profits and losses therein, if any, and was not for the purpose of acquiring any interest in the assets of said company; that the parties discontinued said business on or about January 1, 1947, but there were no funds in their bank account at that time, but said account was overdrawn, and the defendant had to use $500 of his own funds to pay outstanding debts of said concern; that said parties then agreed to engage in the construction business under the name of the M. L. & T. Construction Company; that, on or about July 9, 1947, the plaintiff walked off of the job which said construction company was engaged in at that time; and that said company was operating at a loss, and the defendant was forced to spend $728.48 from his own personal funds to pay outstanding debts of said concern. The defendant denied that he agreed to pay the plaintiff $2,000 or any other sum, but alleged that the plaintiff owed him $364.24, the same being one-half of the $728.48 which he claimed that he had expended for said concern from his own funds.

The jury returned a verdict for the plaintiff for $2,000; the defendant's motion for new trial, on the general grounds only, was overruled; and the exception here is to that judgment.

The plaintiff, Crouch, testified as follows: "I am the plaintiff in this suit. I entered into a contract with W. Ector Morgan, the defendant in this case, on October 28, 1946, in which contract I purchased from Mr. Morgan a one-half interest in the business of the M. L. & T. Seafood Jobbers Company for $2,000, which amount I paid to Mr. Morgan. Mr. Morgan had previously told me that the Seafood Jobbers Company was making approximately $2,000 per month net profit and that it could be increased. He told me that he wouldn't sell the name 'M. L. & T.' for $10,000, but he would sell me a one-half interest in the company and that at any time I wanted to get out or sell my interest that he would refund to me the $2,000 which was the amount I paid to him on the date of the contract.

"The M. L. & T. Seafood Jobbers Company did not make as much money as Mr. Morgan had told me it would, and about or shortly after January 1, 1947, Mr. Morgan and I agreed that

we would abandon the seafood jobbing business and engage in the construction business, building houses for sale and under contract, under the same terms as the agreement we had entered into for the operation of the seafood jobbing business. We closed the M. L. & T. Seafood Jobbers Company account with the First National Bank, Decatur, Georgia, Branch, about that time and transferred the funds in it to the new account which was known as M. L. & T. Construction Company. I was authorized to and did sign checks on this account after we opened the same. We, that is, Mr. Morgan and I, constructed houses until on or about July 9, 1947, when Mr. Morgan approached me on the job on which we were then working and in a fit of rage ran me off the job. The next day after the day Mr. Morgan ran me off the job, he came to my house and came up on the front porch and told me that he had come to get the books and records of the construction company. At the same time we got into a discussion about the $2,000 I had invested in the business, and he remarked that since we did not seem to get along that if I would deliver the books and whatever records I had as well as any other property of the construction company and partnership that he would refund to me the $2,000 I had invested just as our contract stated. I did as Mr. Morgan asked and gave him the records I had and all other property belonging to the construction company business. He never paid me the $2,000 or any part of it, and I have never seen it to this day. Later I made a demand, I believe in August or September of 1947, for the payment of the money upon Mr. Morgan through my attorney but did not receive the payment. The contract which you show me is the contract I referred to which was entered into between me and Mr. Morgan."

G. L. Hickman, an employee of the First National Bank of Atlanta, testified that he had with him at the trial the bank statements of the M. L. & T. Construction Company, and that, on May 30, 1947, the account showed a balance of $17.11; on June 30, 1947, the account showed a balance of $551.84, and on July 9, 1947, the account showed a balance of $797.17, and there was a deposit to said account on July 11, 1947, and a balance as of July 11, 1947, after withdrawals, of $232.85. He also testified as to the amounts of the deposits to the account

of said construction company from May 30, 1947, to July 14, 1947, and further testified that the records of the bank which he had before him showed that the M. L. & T. Seafood Jobbers Company had $437.16 to its credit when said account was closed.

The contract between said parties, which was attached to the plaintiff's petition as Exhibit A, was introduced in evidence, paragraphs 1 and 4 thereof being as follows: "It is agreed: 1. That the party of the first part [Morgan, the defendant] agrees to sell to the party of the second part [Crouch, the plaintiff] a one-half interest in the M. L. & T. Seafood Jobbers Company for the sum of two thousand ($2,000) dollars, which the party of the second part agrees to pay to the party of the first part, and it is agreed that the party of the first part shall retain title to all stationary equipment and rolling stock which now belongs to the company. However, it is agreed that said stock and equipment shall be used by the partnership so long as the partnership exists.

"4. It is further agreed that if the party of the second part and the party of the first part shall have any misunderstanding that the party of the second part shall not have the right to sell his interest to any other party, but that the party of the first part shall have the right to buy out the party of the second part of the sum of $2,000, which is the amount invested, and it is further agreed that in the event of the death of either of the parties that the other party shall have the right, within ninety days, to refund the deceased partner's original investment, without interest, to the estate of the deceased, and thereby own his share in the partnership."

The defendant, W. Ector Morgan, testified to the effect that on July 9, 1947, T. H. Crouch quit the M. L. & T. Construction Company by walking off of the job, leaving the company in debt in the sum of $728.48, which he had to pay; that when Crouch purchased a one-half interest in the seafood jobbers company, the defendant had already invested $6,000 therein for an oven and a building; that, on or about January 1, 1947, he and Crouch agreed to abandon the business known as the M. L. & T. Seafood Jobbers Company, but that there were no funds in the bank to the credit of said company when the same was dissolved, and he had to advance $500 of his own money to

pay on the outstanding indebtedness of the seafood jobbers company; that after said company was abandoned, said parties agreed to engage in construction work under the name of M. L. & T. Construction Company, and that Crouch was to draw a salary and would receive one-half of the profits from the construction business, if any profits were made, and said parties were also to share the losses, if any; that no funds were transferred from the seafood jobbers company to the construction company, as alleged in the plaintiff's petition; that neither of said business concerns made any profits, but that said concerns were operated at a loss, and that he put up $728.48 of his personal funds to pay the indebtedness of the construction company after Crouch walked off of the job, and that is what he was suing for in his cross-action; that, at the time he and the plaintiff entered into the contract which is attached to the plaintiff's petition, it was understood that Crouch was buying a one-half interest only in the good will of the business, and that title to none of the equipment owned by the seafood jobbers company was to pass to the plaintiff; that they purchased no equipment for either of said concerns after Crouch purchased the interest in the seafood jobbers company; and that, at the time Crouch left the M. L. & T. Construction Company, there were no funds in the bank nor was there any equipment in which Crouch had any interest, belonging to either of said concerns, in the defendant's possession.

It appears from the evidence that it was the understanding and agreement between Morgan and Crouch when they entered business together, and when Crouch paid $2,000 into the business, that, if any misunderstanding arose between them, Morgan had the right to buy the interest of Crouch in the business for $2,000, the amount invested by him in the business; and it appears from the evidence of both of these parties that a misunderstanding did arise between them after they had abandoned the business of the M. L. & T. Seafood Jobbers Company and while they were operating the M. L. & T. Construction Company; and, according to the plaintiff's evidence, the defendant then agreed to pay him $2,000 for his interest in the business, whereupon the plaintiff turned over to the defendant all of the books, records, and assets of the company then in his possession, but the defendant

failed and refused to pay him said sum, though demand had been made on the defendant for it.

There is a conflict in the evidence of the plaintiff and the defendant, but the verdict in favor of the plaintiff was authorized by the evidence, and the court did not err in denying the defendant's motion for new trial, which is here on the general grounds only.

*Judgment affirmed. Felton and Worrill, JJ., concur.*